FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Feb 27, 2019
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | |
|---|---|
| JENNIFER McMAHAN,<br>      Plaintiff,<br><br>v.<br><br>INTEL ADVANTAGE, LLC d/b/a<br>CHOICE RECOVERY GROUP,<br>INTEL ADVANTAGE II, LIMITED d/b/a<br>CHOICE RECOVERY GROUP, and<br>PATRICE BRANCH, individually,<br>      Defendants. | CASE NO.: 19-6028 |

## COMPLAINT

1. This action arises out of the violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA"), the Arkansas Fair Debt Collection Practices Act, Ark. Code Ann. § 17-24-101, et seq., ("AFDCPA") and the North Carolina General Statutes (relating to the conduct of collection agencies) (N.C. Gen. Stat § 58-70-1, et seq.), by Intel Advantage, LLC d/b/a Choice Recovery Group ("Intel"), Intel Advantage II, Limited d/b/a Choice Recovery Group ("Intel 2") and Patrice Branch ("Branch").

2. Intel, Intel 2 and Branch are subject to the collection laws of the state of Arkansas because each do business here and each purposefully directed their conduct at this state by communicating with Plaintiff.

3. Intel, Intel 2 and Branch are subject to the collection laws of the state of North Carolina because each were located in the state of North Carolina at all times relevant

1

hereto and the actions of each were directed at Plaintiff from their location in North Carolina.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

5. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

6. Venue is proper before this Court pursuant to 28 U.S.C.§ 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this State and this District and where Plaintiffs reside in this State and this District.

## PARTIES

7. Plaintiff Jennifer McMahan ("Plaintiff") is a natural person, who at all relevant times resided in Garland County, Arkansas, and thus is a "person" as that term is defined by Cal. Civ. Code § 1788.2(g).

8. Intel is a North Carolina limited liability company with principal offices situated at 5624 Executive Center Dr., Suite 216, Charlotte, NC 28212, according to its most recent annual report filed with the North Carolina Secretary of State.

9. Intel may be served through its registered agent, Patrice Branch, at 5624 Executive Center Dr., Suite 216, Charlotte, NC 28212, or in accordance with North Carolina or Arkansas law.

10. Intel 2 is a North Carolina entity with principal offices situated at 5601 Executive Center Dr., Suite 220, Charlotte, NC 28212, according to its most recent annual report filed with the North Carolina Secretary of State.

11. Intel 2 may be served through its registered agent, Patrice Branch, at 5601 Executive Center Dr., Suite 220, Charlotte, NC  28212, or in accordance with North Carolina or Arkansas law.

12. Branch is a natural person, believed to be residing or to have recently resided at 5002 Misty Oaks Dr., Apartment 1421, Charlotte, NC  28269.

13. Branch may be served wherever she may be found in accordance with North Carolina or Arkansas law.

14. Branch is the President of Intel according to Intel's most recent annual report filed with the North Carolina Secretary of State and according to its license application it filed with the North Carolina Department of Insurance.

15. Branch is the owner of Intel 2 according to Intel 2's most recent filing with the North Carolina Secretary of State.

## FACTUAL ALLEGATIONS

16. Plaintiff is or was allegedly obligated on an old credit card account ("Account").  The Account was for personal use and was used to purchase various personal effects.  The Account was not used to make commercial or business purchases whatsoever.

17. The Account allegedly defaulted in 2003.

18. The Account originated with an entity other than any of the defendants and went into default prior to being sold or otherwise transferred to defendants for collection.

19. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5), Ark. Code Ann. § 17-24-502(4), and Cal. Civ. Code § 1788.2(d) and constitutes a "consumer debt" as that term is defined by Cal. Civ. Code §1788.2(f).

20. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Ark. Code Ann. § 17-24-502(2).

21. Plaintiff is a "person" as defined by N.C. Gen.Stat § 58-70-6(4).

22. Plaintiff is a "consumer" as defined by N.C. Gen. Stat § 58-70-90(2).

23. The principal purpose of Intel and Intel 2 is the purchase of delinquent debts and the collection of those debts, directly or indirectly, using the mails and telephone and other means.

24. Intel and Intel 2 regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

25. Intel is licensed as a collection agency by the state of North Carolina.

26. Intel and Intel 2, each, are a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

27. Intel and Intel 2, each, are a "collection agency" as defined by N.C. Gen. Stat. § 58-70-90(1).

28. Intel and Intel 2 are, for all intents and purposes, one and the same. They are owned by the same single individual, they are given nearly identical names, they office at the same location (despite the slightly different address used on organizational documents) and they perform the same function. The two companies are used to cause confusion among the consumers from whom Intel and Intel 2 collect. The two companies operate in cahoots with one another, comingling employees, clients, duties, ownership, income and expenses.

29. Branch actively manages Intel and Intel 2 and directs the policies of the companies.

30. At all times relevant hereto, Branch directed the employees and agents of the other defendants to act in the manner they acted as described below when attempting collections from Plaintiff.

31. Branch regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Branch uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

32. Branch is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

33. Branch is a "collection agency" as defined by N.C. Gen. Stat. § 58-70-90(1).

34. During the one year prior to the date of the filing of this Complaint, Intel and Intel 2, and/or representative(s), employee(s) and/or agent(s) of Intel and Intel 2, used telecommunications to communicate with Plaintiff about the Account in order to collect the Account.

35. In one of the first communications with Plaintiff, Plaintiff requested Intel and Intel 2 to provide her something in writing about the account.  Plaintiff was told that she would have to set up payment arrangements before documents could be released regarding the Account.

36. In another call with Intel and Intel 2, Plaintiff was told that the call was "pertaining to a complaint" and that Plaintiff was being held "responsible for defrauding a financial institution."  When plaintiff tried to arrange for a payment to be sent to Intel and Intel 2 via mail, she was told that if she was served with a lawsuit prior to Intel and Intel 2 receiving the check, Plaintiff would have to appear in court in response to the

summons and/or complaint. She was told that this was "a civil suit. They're going to tack on court costs and litigation fees."

37. In yet another call when Plaintiff called in to Intel and Intel 2 to discuss the Account, Intel and Intel 2 asked for a "case number" and again told Plaintiff that she was being pursued for "intent to defraud a financial institution." She was told that the Account was "bought by a group of investors to proceed."

38. In the same call as the paragraph above, Intel's and Intel 2's collector told Plaintiff that she would speak with Intel's and Intel 2's "arbitrator" to see what options were available to plaintiff for resolving without paying immediately. After placing Plaintiff on hold, the collector returned to the line and informed Plaintiff that "they'll proceed until they get the funds" and told Plaintiff that the investors "probably can" sue or arrest Plaintiff.

39. Finally, Plaintiff was told that Intel and Intel 2 would "just have to deliver the documents" and that after Intel and Intel 2 "sign[s] off on it" the attorneys can "move forward" and "serve" plaintiff with "court paperwork."

40. Intel and Intel 2 said the things it said for the purpose of causing Plaintiff to believe that she had been sued or immanently would be sued on the Account if it was not paid, and that Intel and Intel 2 had involuntary options available to it for enforcement of any judicial decision it received on the Account.

41. Intel's and Intel 2's conduct would cause the least sophisticated consumer to believe that she had been sued or immanently would be sued on the Account if it was not paid, and that Intel and Intel 2 had involuntary options available to it for enforcement of any judicial decision it received on the Account.

42. Plaintiff believed that she had been sued or immanently would be sued on the Account if it was not paid, and that Intel and Intel 2 had involuntary options available to it for enforcement of any judicial decision it received on the Account.

43. The information conveyed to Plaintiff was false, misleading and deceptive in that there was no legal issue, or pending or immanent lawsuit and Plaintiff would not be put in jail.

44. At the time the threats by Intel and Intel 2 regarding the filing of a lawsuit were made, and as of the filing of this complaint, no lawsuit had/has been filed against Plaintiff on the Account and there was no intention of doing so at the time the threats were made.

45. Intel and Intel 2 did not, in any communication with Plaintiff, inform Plaintiff that the companies were a debt collector.

46. Intel and Intel 2 did not, in their first communication with Plaintiff, inform Plaintiff that the communication was an attempt to collect a debt and that any information obtained would be used for the purpose of debt collection.

47. Intel and Intel 2 did not ever provide Plaintiff with the notices of her right to dispute the debt or to request validation of the debt as required in 15 U.S.C. § 1692g.

48. In all of the communications between Plaintiff and Intel and Intel 2, the companies failed to provide meaningful disclosure of the companies' identity.

49. All of the conduct by Intel and Intel 2 described above was done knowingly and willfully.

50. Intel's and Intel 2's purpose for all of the communications with Plaintiff described above and all others was to attempt to collect the Account.

51. Each telephone call and each written correspondence individually conveyed information regarding the account directly or indirectly to Plaintiff.

52. The telephone call(s) and written correspondence(s) each individually constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

53. The only reason that Intel and Intel 2, and/or representative(s), employee(s) and/or agent(s) of Intel and Intel 2, made telephone call(s) to, had telephone conversation(s) with, and left message(s) for Plaintiff was to attempt to collect the Account.

54. The conduct of Intel and Intel 2 as described above was done knowingly and willfully and purposefully.

55. During all times pertinent hereto, Branch (a) created the collection policies and procedures used by Intel and Intel 2, and its employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of Intel and Intel 2, (c) oversaw the application of the collection policies and procedures used by Intel and Intel 2 and its employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by Intel and Intel 2 and its employees and agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged in this complaint, (e) ratified the unlawful debt collection practices and procedures used by Intel and Intel 2 and its employees and agents in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by Intel and Intel 2 and its employees and agents in attempts to collect an alleged debt from Plaintiff as alleged in this complaint.

56. As a direct and proximate result of the aforesaid actions, Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a).

## RESPONDEAT SUPERIOR

57. The representative(s) and/or collector(s) at Intel were employee(s) and/or agent(s) of Intel at all times mentioned herein.

58. The representative(s) and/or collector(s) at Intel were acting within the course and/or scope of their employment at all times mentioned herein.

59. The representative(s) and/or collector(s) at Intel were under the direct supervision and/or control of Intel at all times mentioned herein.

60. The actions of the representative(s) and/or collector(s) at Intel are imputed to their employer, Intel.

61. The representative(s) and/or collector(s) at Intel 2 were employee(s) and/or agent(s) of Intel 2 at all times mentioned herein.

62. The representative(s) and/or collector(s) at Intel 2 were acting within the course and/or scope of their employment at all times mentioned herein.

63. The representative(s) and/or collector(s) at Intel 2 were under the direct supervision and/or control of Intel 2 at all times mentioned herein.

64. The actions of the representative(s) and/or collector(s) at Intel 2 are imputed to their employer, Intel 2.

65. Branch exerted influence and control over Intel and Intel 2 and directed Intel's and Intel 2's employees and agents to act in the ways described above when Branch attempted its collections from Plaintiff.

66. Branch is liable to Plaintiff for the violations of Intel and Intel 2 and their employees and agents.

### COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY INTEL ADVANTAGE, LLC AND INTEL ADVANTAGE II, LIMITED

67. The previous paragraphs are incorporated into this Count as if set forth in full.

68. The act(s) and omission(s) of Intel and Intel 2 and their respective representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692c(b) and 15 U.S.C. § 1692(d)(6) and 15 U.S.C. §1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11) and 15 U.S.C. § 1692g.

69. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Intel and Intel 2.

### COUNT II:  VIOLATIONS OF THE ARKANSAS CODE ANNOTATED BY INTEL ADVANTAGE, LLC AND INTEL ADVANTAGE II, LIMITED

70. The previous paragraphs are incorporated into this Count as if set forth in full.

71. The act(s) and omission(s) of Intel and Intel 2 and their respective representative(s), employee(s) and/or agent(s) violated Ark. Code Ann. § 17-24-504(b), § 17-24-505(b)(6) and § 17-24-506(b)(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11)(A)&(11)(B) and § 17-24-508(a).

72. Pursuant to Ark. Code Ann. § 17-24-512, Plaintiffs seek damages, reasonable attorney's fees and costs from Intel and Intel 2.

### COUNT III:  VIOLATIONS OF THE NORTH CAROLINA FAIR DEBT COLLECTION PRACTICES ACT, N.C. GEN.STAT. §58-70, et seq. BY INTEL ADVANTAGE, LLC AND INTEL ADVANTAGE II, LIMITED

73. The previous paragraphs are incorporated into this Count as if set forth in full.

74. The act(s) and omission(s) of Intel and Intel 2 and their respective representative(s), employee(s) and/or agent(s) constituted eight violations of N.C. Gen. Stat.§ 58-70-95, specifically:

    a. Two violations of 58-70-95(2) by telling plaintiff in two separate phone calls that she was being pursued for defrauding a financial institution;

    b. One violation of 58-70-95(5) by telling plaintiff that she might be arrested if the account was not repaid

    c. One violation of 58-70-95(6) by telling plaintiff that the attorneys would proceed "until they get the funds;"

    d. Three violations of 58-70-95(7) by telling plaintiff in three separate phone calls that she would be sued on the account;

    e. One violation of 58-70-95(8) by telling plaintiff that she might be arrested for nonpayment of the account.

75. The act(s) and omission(s) of Intel and Intel 2 and their respective representative(s), employee(s) and/or agent(s) constituted three violations of N.C. Gen. Stat.§ 58-70-100 by communicating with Plaintiff in three separate phone calls in which it threatened events that were not true in order to scare Plaintiff into paying the account.

76. The act(s) and omission(s) of Intel and Intel 2 and their respective representative(s), employee(s) and/or agent(s) constituted ten violations of N.C. Gen. Stat. § 58-70-110, specifically:

    a. Three violations of § 58-70-110(2) by failing, in the initial communication with Plaintiff, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and by failing, in the

       two subsequent phone calls, to disclose that the communications were from a debt collector;

  b. Three violations of § 58-70-110(4) by stating that Plaintiff was being sued and pursued for fraud charges in three separate phone calls;

  c. One violation of § 58-70-110(6) by falsely stating that Plaintiff would be liable for "court costs and litigation fees;" and

  d. Three violations of § 58-70-110(7) by falsely telling Plaintiff, in three separate phone calls, that Intel and Intel 2 was working on behalf of attorneys and/or that Intel and Intel 2 or their client would be suing Plaintiff on the Account;

77. Pursuant to N.C. Gen. Stat. § 58-70-130(b), Plaintiff is entitled to statutory damages as a result of Intel's and Intel 2's violations in an amount which shall not be less than five hundred dollars ($500.00) for each violation nor greater than four thousand dollars ($4,000) for each violation.

78. Pursuant to N.C. Gen. Stat. § 58-70-130(a), Plaintiff is entitled to actual damages as a result of Intel and Intel 2's violations.

### COUNT IV:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY PATRICE BRANCH

79. The previous paragraphs are incorporated into this Count as if set forth in full.

80. The act(s) and omission(s) of Branch and her representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692c(b) and 15 U.S.C. § 1692(d)(6) and 15 U.S.C. §1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11) and 15 U.S.C. § 1692g.

81. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Branch.

## COUNT V:  VIOLATIONS OF THE ARKANSAS CODE ANNOTATED BY PATRICE BRANCH

82. The previous paragraphs are incorporated into this Count as if set forth in full.

83. The act(s) and omission(s) of Branch and her representative(s), employee(s) and/or agent(s) violated Ark. Code Ann. § 17-24-504(b), § 17-24-505(b)(6) and § 17-24-506(b)(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11)(A)&(11)(B) and § 17-24-508(a).

84. Pursuant to Ark. Code Ann. § 17-24-512, Plaintiffs seek damages, reasonable attorney's fees and costs from Branch.

## COUNT VI:  VIOLATIONS OF THE NORTH CAROLINA FAIR DEBT COLLECTION PRACTICES ACT, N.C. GEN.STAT. §58-70, et seq. BY PATRICE BRANCH

85. The previous paragraphs are incorporated into this Count as if set forth in full.

86. The act(s) and omission(s) of Branch and her representative(s), employee(s) and/or agent(s) constituted eight violations of N.C. Gen. Stat.§ 58-70-95, specifically:

    a. Two violations of 58-70-95(2) by telling plaintiff in two separate phone calls that she was being pursued for defrauding a financial institution;

    b. One violation of 58-70-95(5) by telling plaintiff that she might be arrested if the account was not repaid

    c. One violation of 58-70-95(6) by telling plaintiff that the attorneys would proceed "until they get the funds;"

    d. Three violations of 58-70-95(7) by telling plaintiff in three separate phone calls that she would be sued on the account;

    e. One violation of 58-70-95(8) by telling plaintiff that she might be arrested for nonpayment of the account.

87. The act(s) and omission(s) of Branch and her representative(s), employee(s) and/or agent(s) constituted three violations of N.C. Gen. Stat.§ 58-70-100 by communicating with Plaintiff in three separate phone calls in which it threatened events that were not true in order to scare Plaintiff into paying the account.

88. The act(s) and omission(s) of Branch and her representative(s), employee(s) and/or agent(s) constituted ten violations of N.C. Gen. Stat. § 58-70-110, specifically:

    f.  Three violations of § 58-70-110(2) by failing, in the initial communication with Plaintiff, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and by failing, in the two subsequent phone calls, to disclose that the communications were from a debt collector;

    g.  Three violations of § 58-70-110(4) by stating that Plaintiff was being sued and pursued for fraud charges in three separate phone calls;

    h.  One violation of § 58-70-110(6) by falsely stating that Plaintiff would be liable for "court costs and litigation fees;" and

    i.  Three violations of § 58-70-110(7) by falsely telling Plaintiff, in three separate phone calls, that Intel and Intel 2 was working on behalf of attorneys and/or that Intel and Intel 2 or their client would be suing Plaintiff on the Account;

89. Pursuant to N.C. Gen. Stat. § 58-70-130(b), Plaintiff is entitled to statutory damages as a result of Branch's violations in an amount which shall not be less than five hundred dollars ($500.00) for each violation nor greater than four thousand dollars ($4,000) for each violation.

90. Pursuant to N.C. Gen. Stat. § 58-70-130(a), Plaintiff is entitled to actual damages as a result of Branch's violations.

## JURY TRIAL DEMAND

91. Plaintiff is entitled to and hereby demand a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court grant the following:

92. Judgment in favor of Plaintiff and against Intel Advantage, LLC and Intel Advantage II, Limited, jointly and severally, as follows:

    a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Actual damages pursuant to Ark. Code Ann. § 17-24-512(a)(1);

    e. Statutory damages in the amount of $1,000.00 pursuant to Ark. Code Ann. § 17-24-512(a)(2)(A);

    f. Reasonable attorneys fees and costs pursuant to Ark. Code Ann. § 17-24-512(a)(3)(A);

    g. Actual damages pursuant to N.C. Gen. Stat. §58-70-130(a);

    h. Statutory damages pursuant to N.C. Gen. Stat. §58-70-130(b) in an amount of not less than five hundred dollars ($500.00) nor greater than four thousand dollars ($4,000) for each of the 21 violations of N.C. Gen. Stat. § 58-70, *et seq*.; and

    i. Such other and further relief as the Court deems just and proper.

93. Judgment in favor of Plaintiff and against Patrice Branch as follows:

   a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

   b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

   c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

   d. Actual damages pursuant to Ark. Code Ann. § 17-24-512(a)(1);

   e. Statutory damages in the amount of $1,000.00 pursuant to Ark. Code Ann. § 17-24-512(a)(2)(A);

   f. Reasonable attorneys fees and costs pursuant to Ark. Code Ann. § 17-24-512(a)(3)(A);

   g. Actual damages pursuant to N.C. Gen. Stat. §58-70-130(a);

   h. Statutory damages pursuant to N.C. Gen. Stat. §58-70-130(b) in an amount of not less than five hundred dollars ($500.00) nor greater than four thousand dollars ($4,000) for each of the 21 violations of N.C. Gen. Stat. § 58-70, *et seq.*; and

   i. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

COOK LAW FIRM, P.A.

/s/ Jeffrey D. Wood
Jeffrey D. Wood, AR Bar No. 2006164
11610 Pleasant Ridge Rd.
Suite 103-PMB 208
Little Rock, AR 72227
Telephone: (682) 651-7599
Facsimile: (888) 598-9022
jeff@jeffwoodlaw.com

and

Harold F. Cook, AR Bar No. 99118
8114 Cantrell Road, Suite 100
Little Rock, AR 72227
Telephone: (501) 255-1500
Facsimile: (501) 255-1116
hal@attorneyhalcook.com

ATTORNEYS FOR PLAINTIFF